IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

CITIMORTGAGE INC.,                          )
                                            )
                Plaintiff,                  )       TC-MD 160259R
                                            )
        v.                                  )
                                            )
MULTNOMAH COUNTY ASSESSOR,                  )       **ORDER DENYING DEFENDANT'S**
                                            )       **MOTION TO DISMISS THE 2013-14**
                Defendant.                  )       **TAX YEAR**

This matter is before the court on Defendant's Motion to Dismiss (Motion), received and filed by the court on August 1, 2016. The Motion was filed as part of Defendant's answer and asserts that Plaintiff lacks standing with respect to its appeal of the 2013-14 tax year for property identified as account number R172950.[1] Plaintiff filed a response to the Motion on September 23, 2016, and Defendant filed a Reply on October 6, 2016. A hearing was held by telephone on October 19, 2016. Samuel B. Zeigler, of the office of Christopher K. Robinson, P.C., appeared on behalf of Plaintiff. Carlos Rasch, Assistant County Attorney, appeared on behalf of Defendant.

## I. STATEMENT OF FACTS

The parties submitted stipulated facts upon which the court finds the following:

1. The Property is a single-family residence located at 4311 SW Greenleaf Drive in Portland, Oregon.

2. On or about October 5, 2001, Andrew Wiederhorn and Tiffany A. Wiederhorn (collectively, the "Wiederhorns") executed and delivered a certain Deed of Trust in favor of First

/ / /

---

[1] Defendant does not challenge Plaintiff's appeal for the 2014-15 tax year.

Horizon Home Loan Corporation as lender and recorded in the Multnomah County Official Records as instrument number 2001-161112 (the "First Deed of Trust").

3. By an Assignment of Deed of Trust dated August 18, 2009 and recorded in the Multnomah County Official Records as instrument number 2009-120995 (the "First Assignment"), the First Deed of Trust was transferred and assigned to Plaintiff.

4. On or about November 9, 2005, the Wiederhorns executed and delivered a certain Deed of Trust in favor of Citibank F.S.B. as lender and recorded in the Multnomah County Official Records as instrument number 2005-224120 (the "Second Deed of Trust").

5. By an Assignment of Deed of Trust dated June 14, 2010 and recorded in the Multnomah County Official Records as instrument number 2010-076642, the Second Deed of Trust was transferred and assigned to Plaintiff.

6. On October 28, 2013, the Circuit Court for Multnomah County entered a General Judgment of Foreclosure in favor of CitiMortgage, Inc. respecting the Property (the "Judgment").

7. On November 12, 2013, the Plaintiff paid the Property's property tax assessment for the 2013-14 tax year.

8. On January 9, 2014, the Clerk of the Circuit Court for Multnomah County issued a Writ of Execution of Foreclosure on the Judgment (the "Foreclosure Writ").

9. After the Plaintiff executed on the Foreclosure Writ, the Property was transferred and conveyed to the Plaintiff by a Sheriff's Deed recorded with the Multnomah County Official Records as instrument number 2014-109999 on November 3, 2014 (the "Sheriff's Deed").

/ / /

/ / /

The court also finds that Plaintiff did not file an appeal with the county board of property tax appeals (BOPTA) for the 2013-14 tax year with respect to the Property and that Plaintiff filed the complaint in this matter on June 30, 2016.

## II. ANALYSIS

At issue is whether Plaintiff has standing to appeal, either under ORS 305.275(1)[2] or ORS 305.288(1). Defendant contends Plaintiff does not have standing to appeal the 2013-14 tax year because Plaintiff did not have a sufficient interest in the property until the Property was transferred to it in November 2014, which is after the tax year at issue. Plaintiff contends it has standing under ORS 305.275(1) because it paid the property tax on behalf of the owner and because it had a sufficient interest in the Property to confer standing. In the alternative, Plaintiff contends that ORS 305.288(1) does not require an ownership interest during the tax year to confer standing.

In Oregon, a county assessor's office sets forth the assessed value of real property annually. If a taxpayer disagrees with the assessed value, usually the first step for the taxpayer is to file an appeal to the Board of Property Tax Appeals (BOPTA) by December 31 of the current tax year. ORS 309.100(2). If a party is unsatisfied with a BOPTA decision they may file a complaint in the Tax Court under ORS 305.275.

If a taxpayer does not file a timely appeal with BOPTA, the legislature has given taxpayers a potential second chance. The tax court may review untimely appeals when the taxpayer either: (1) alleges an error equal to or greater than 20 percent,[3] or (2) establishes "good and sufficient cause" for not timely pursuing an appeal with BOPTA. ORS 305.288(1), (3).

---

[2] The court's references to the Oregon Revised Statutes (ORS) are to 2013.

[3] An error equal to or greater than 20 percent exists if there is a greater than or equal to error between a property's real market value during the relevant tax year when it is measured against the roll value for that tax year. ORS 305.288(1).

A. *Standing under ORS 305.275*

Plaintiff contends it has standing to appeal under ORS 305.275. That statute provides, in part:

> "(1) Any person may appeal under this subsection to the magistrate division of the Oregon Tax Court as provided in ORS 305.280 and 305.560, if all of the following criteria are met:
> (a) The person must be aggrieved by and affected by an act, omission, order or determination of:
> (A) The Department of Revenue in its administration of the revenue and tax laws of this state;
> (B) A county board of property tax appeals other than an order of the board;
> * * * * *
> (b) The act, omission, order or determination must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property. As used in this paragraph, an interest that obligates the person to pay taxes includes a contract, lease or other intervening instrumentality.
> (c) There is no other statutory right of appeal for the grievance.
> * * * * *

(*Id.*)

There are several problems with Plaintiff's standing under ORS 305.275. First, Plaintiff did not file an appeal in the timeframe required by ORS 305.280, which is "90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or determination has been made." ORS 305.280(1). Plaintiff's appeal was filed in June 2016, which is more than two years after the 2013-14 tax assessment occurred. Second, Plaintiff did not meet the requirement that "[t]he act, omission order or determination must affect the property of the person making the appeal or property for which the person making the appeal holds an interest that obligates the person to pay taxes imposed on the property." ORS 305.275(1)(b). Here, Plaintiff was not the owner of the property during the tax year in issue; it was only a lienholder. Oregon follows the 'lien theory' which states "the borrower merely conveys a right upon condition broker, to have the mortgage foreclosed" and not an ownership interest. *Bandrop v. Recon Trust Co., NA*, 353

Or 668, 676 (2013). Plaintiff produced no evidence that it was obligated to pay property taxes of the subject property for the 2013-14 tax year. Accordingly, Plaintiff as a mere lien holder does not have standing appeal the 2013-14 tax year under ORS 305.275.

B. *Standing under ORS 305.288*

ORS 305.288, provides, in pertinent part:

"(1) The tax court shall order a change or correction applicable to a separate assessment of property to the assessment and tax roll for the current tax year or for either of the two tax years immediately preceding the current tax year, or for any or all of those tax years, if all of the following conditions exist:
(a) For the tax year to which the change or correction is applicable, the property was or is used primarily as a dwelling (or is vacant) and was and is a single-family dwelling, a multifamily dwelling of not more than four units, a condominium unit, a manufactured structure or a floating home.
(b) The change or correction requested is a change in value for the property for the tax year and it is asserted in the request and determined by the tax court that the difference between the real market value of the property for the tax year and the real market value on the assessment and tax roll for the tax year is equal to or greater than 20 percent.
* * * * *
(3) The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal.
* * * * *
(5) For purposes of this section:
(a) "Current tax year" has the meaning given the term under ORS 306.115.
(b) "Good and sufficient cause":
(A) Means an extraordinary circumstance that is beyond the control of the taxpayer, or the taxpayer's agent or representative, and that causes the taxpayer, agent or representative to fail to pursue the statutory right of appeal; and
(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information.
* * * * *
(6) The remedy provided under this section is in addition to all other remedies provided by law."

/ / /

Defendant argues that since Plaintiff does not have standing under ORS 305.275 that it cannot pursue an appeal under ORS 305.288. While ORS 305.288 does not state the standing requirements of ORS 305.275, Defendant argues that such standing is a general prerequisite for all property tax appeals. Indeed, the Magistrate Division has held that standing under ORS 305.275(1) is required to proceed under ORS 305.288. See *James v. Lane County Assessor*, TC-MD 110456C (July 19, 2011). However, the *James* case is not fully on point to the facts of this case, and *James* did not address the decision in *Zervis v. Dept. of Revenue*, 20 OTR 79, WL 107929 (2010), which appears to be controlling.

In *Zervis*, "the issue on appeal [was] whether taxpayers may appeal the 2005-06 tax assessment of the property in question — a time during which the taxpayers were not the owners of the property." *Id*. at 79-80. In *Zervis*, after finding the Plaintiff did not have standing under ORS 305.275, the court analyzed standing under ORS 305.288. The court explicitly stated "there are two routes a taxpayer may pursue to appeal to the court" and implicitly ruled that standing requirement under ORS 305.288 is separate from the standing requirement contained in ORS 305.275. The court held that to have standing to appeal under ORS 305.288(3), a "tax assessment for which a prior owner or prior owners failed to pursue the statutory right of appeal, taxpayers must demonstrate why that prior owner or those prior owners met the good and sufficient cause exception." *Id*. at 84.

Unlike *Zervis*, the instant Plaintiff is not seeking standing under ORS 305.288(3), "good and sufficient cause," but rather under ORS 305.288(1)(b) which requires a showing of 20 percent or more error in the real market value. As this case is only at the pleadings stage, Plaintiff's complaint making those allegations is sufficient. The court finds that Plaintiff has standing to appeal the 2013-14 tax year based on ORS 305.288(1)(b). Now, therefore,

IT IS ORDERED that Defendant's Motion to Dismiss is denied.  The court will set a

further case management conference in due course.

Dated this ____ day of February, 2017.


_____
RICHARD DAVIS
MAGISTRATE

*This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.*

*This document was filed and entered on February 10, 2017.*